T. H. CAMPBELL & BROS., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
T. H. Campbell & Bros., Inc. v. Commissioner
Docket No. 5195-72.
United States Tax Court
T.C. Memo 1975-149; 1975 Tax Ct. Memo LEXIS 225; 34 T.C.M. (CCH) 695; T.C.M. (RIA) 750149; May 19, 1975
Edward M. Dooley, for the petitioner. Christopher D. Rhodes, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies: Taxable Year Ended
Deficiency
January 31, 1970
$18,072.54
January 31, 1971
15,118.80 The only issues for decision are whether on each of two separate occasions petitioner (a corporation) complied with the filing requirements to qualify for tax treatment under the subchapter S provisions of the Internal Revenue Code. FINDINGS OF FACT Some of the facts have been stipulated and are so found. T. H. Campbell & Bros., Inc., petitioner, is a Kentucky corporation whose principal place of business was *226 Middlesboro, Kentucky when it filed its petition. It was incorporated on February 1, 1965. The business was operated as a partnership prior to incorporation, and consisted of a retail clothing store both before and after incorporation. The clothing store's operations were uninterrupted by the incorporation. Upon incorporation petitioner's shareholders elected to be taxed under subchapter S. They mailed Form 2553 (Election by Small Business Corporation) on March 1, 1965, the election to be effective February 1, 1965. The form was enclosed in an envelope postmarked March 1, 1965. Form 2553 was received by the district director at Louisville on March 3, 1965. In a letter dated March 16, 1965, respondent's Louisville office advised petitioner that Form 2553 which had been filed March 1, 1965, was not timely, and therefore the corporation had to file returns as though no election had been made. Thereafter, petitioner filed standard federal corporate income tax returns, Forms 1120, for the taxable years ended January 31, 1966, 1967 and 1968. On November 18, 1968 petitioner again submitted Form 2553, said election to be effective February 1, 1969. The Form 2553 was received by the *227 district director on November 20, 1968. However, it is stamped "ACCEPTED DEC 13 1968" and it is also stamped in the upper right hand corner with an identification number and the date January 2, 1969. Respondent determined that this election was premature and hence ineffective, and assessed deficiencies against petitioner for the years ended January 31, 1970 and 1971. OPINION Section 1372(a)[1] provides that a small business corporation may elect not to be subject to Federal income taxes with certain exceptions not here material. Section 1372(c) (1) dictates that the election for subchapter S treatment must be made "* * * for any taxable year at any time during the first month of such taxable year, or at any time during the month preceding such first month." The election is made by filing Form 2553 with respondent. Section 1.1372-2, Income Tax Regs. Once a valid election has been made, it remains in effect for succeeding taxable years unless the election is terminated. Section 1372(d). Section 1372(a) speaks in terms of "months." If the first day of the first *228 month of the taxable year is on the first day of a month, the election must be filed during that month or the preceding month, regardless of the number of days in each month. Regulation section 1.1372-2(b) (1) expands upon the statute, noting that where a new corporation's taxable year begins after the first day of a calendar month, a "* * * 'month' means the period commencing with the beginning of the first day of the taxable year and ending with the close of the day preceding the numerically corresponding day of the succeeding calendar month * * *" and that the first month of the taxable year of a new corporation begins when "* * * the corporation has shareholders or acquires assets or begins doing business, whichever is the first to occur." Petitioner claims that it timely executed and filed on two separate occasions Form 2553, thereby complying with the requirements of section 1372 (c) (1). Petitioner makes two arguments. First, petitioner contends that its election filed March 1, 1965 was valid, and that said election remained in effect through the years at issue even *229 though it filed corporate income tax returns for those years rather than subchapter S returns. Second, petitioner contends that even if the first election were invalid, the election filed in November 1968 for the taxable year beginning February 1, 1969 was valid, and respondent is estopped to contest its validity because of his acts indicating acceptance. Respondent disagrees, arguing that the earlier election was not timely and is therefore invalid, that the later election was filed prematurely and therefore is invalid, and that he is not estopped to contest the validity of the latter election where his apparent acceptance was the result of a mistake of law. We agree with respondent. We commence our analysis with the earlier attempted election. Petitioner had been operating as a partnership prior to incorporation on February 1, 1965. It was engaged in the retail clothing store business. Petitioner filed required Form 2553 on March 1, 1965 seeking to benefit from the subchapter S provisions of the Code. Had those been the only facts before us it would have been axiomatic that petitioner filed its election one day late. The final date for filing would have been the last day of February *230 1965, assuming the first day of the first month of petitioner's taxable year was February 1, 1965. But petitioner asserts that the corporation did not begin doing business until February 2, 1965, and therefore it could file Form 2553 through March 1, 1965. See Reg. 1.1372-2 (b) (1), Income Tax Regs. Petitioner has the burden of proof (Rule 142, Rules of Practice and Procedure, United States Tax Court) and it has failed to sustain its contention that the corporation's first taxable year for election purposes did not begin until February 2, 1965. Petitioner failed to introduce any evidence to show that the corporation did not have shareholders or assets as of February 1, 1965, the day of incorporation. Further, George Campbell, petitioner's executive vice president, testified that the clothing store did not discontinue operations immediately prior to the period of incorporation. Without other convincing evidence, we can only conclude that the corporation was doing business on February 1, 1965. See Nick A. Artukovich,61 T.C. 100, 106, fn. 8 (1973). While petitioner filed *231 the election only one day late, we noted on an earlier occasion that "* * * section * * * 1372(c)(1) * * * [is] both demanding and explicit. There is no provision for leniency with respect to the filing of elections under subchapter S. * * * [Whatever] the equities or the harsh results, we do not feel that we can grant an extension of time where Congress has specifically set the time for the making of the election required by the Code if the privilege of special tax treatment is to be enjoyed by certain small business corporations." William Pestcoe, 40 T.C. 195, 198 (1963); see also Joseph W. Feldman,47 T.C. 329 (1966); Calhoun v. United States,370 F. Supp. 434, 438-439 (W.D. Va., 1973); Rowland v. United States,315 F. Supp. 596, 600 (W.D. Ark., 1970); Simons v. United States,208 F. Supp. 744, 746 (D. Conn., 1962). In the second attempted election petitioner filed Form 2553 in November 1968, well before January 1, 1969, which would have been the earliest possible date for the filing to *232 be effective for the year commencing February 1, 1969. Section 1372 (c)(1). This filing was premature and hence invalid. As noted above, the courts have required strict compliance with the subchapter S election requirements. Respondent received Form 2553 on November 20, 1968, and it is stamped "ACCEPTED DEC 13 1968." There is also an identifying number and the date January 2, 1969 stamped in the upper right hand corner of the form. Petitioner argues that these dates indicate acceptance by respondent of petitioner's election and that respondent is now estopped to argue otherwise. The filing requirements were specified by law. The fact, if it is a fact, that respondent's agents, while knowing the facts, had a mistaken belief as to their legal consequence would be a mere mistake of law. Cf. Fruehauf Trailer Co.,42 T.C. 83, 98-99 (1964), affirmed 356 F. 2d 975 (C.A. 6, 1966), certiorari denied 385 U.S. 822 (1966). The principle of estoppel will not preclude *233 respondent from correcting any mistake of law herein. Dixon v. United States,381 U.S. 68, 72-73 (1965). Decision will be entered for the Respondent. *
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue.↩
*. By official tax court order dated July 11, 1975, and signed by Judge Hall↩, the decision line was amended.