KLEIN CHOCOLATE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47164. Filed April 21, 1961.

*Richard B. Barker, Esq.*, and *James F. McMullan, Esq.*, for the petitioner.

*Stephen P. Cadden, Esq.*, for the respondent.

144

OPINION.

TURNER, *Judge:* When this case was first submitted one contention of the petitioner was that beginning with 1942, the year of change, and through the taxable years herein, it had consistently used a single pool or classification in pricing its inventoriable goods on a last-in, first-out dollar-value basis, and the respondent, having examined its returns for 1942, 1943, and 1944, and having approved the inventories so derived had approved the method of inventory used, and as a result the principle pronounced by this Court in *Geometric Stamping Co.*, 26 T.C. 301, is controlling and the respondent was in error in his use of 10 pools or classifications in his determination of deficiencies for 1946 and 1947.

In making its findings of fact previously filed herein, and reported at 32 T.C. 437, the Court was confronted with some apparent discrepancies in the evidence as to whether or not the petitioner had consistently used a single pool or classification for its inventoriable goods in pricing such goods on a last-in, first-out basis by the dollar-value method. It was concluded that the finding sought by the petitioner as to the use of the single pool or classification could not be made, and accordingly the applicability of the holding in *Geometric Stamping Co., supra,* was not reached.

By motion, the petitioner sought to reopen its case on all points. A hearing was had on the motion and for reasons shown in the transcript of the hearing thereon, the motion was granted as to the issue relating to the applicability of the rule declared in *Geometric Stamping Co., supra,* and denied on all other points. The parties thereafter stipulated into the record as evidence voluminous and numerous documents, much of which does not appear to bear on that part of the case which had been reopened. The stipulation and certain of the documents did clear up or eliminate the difficulties the Court had

experienced with the original record as to petitioner's use of the single pool or classification in inventorying its goods. The facts have been found with respect thereto and the respondent does not contend that the petitioner did not use a single pool or classification for its goods in the pricing thereof for inventory purposes.

Under the statute the change to and use of the last-in, first-out method for taking inventories is to be in accordance with the regulations prescribed therefor by the respondent and under the regulations a taxpayer is permitted to show his election in the filing of his return for the year in which the change is to be made. His return for that year is to be accompanied by an application on a prescribed form which calls for specified information with respect to the taxpayer's operations, the goods to be covered, and various other information pertinent to the change. The regulation further provides that "Whether or not the taxpayer's application for the adoption and use of the elective inventory method should be approved, and whether or not such method, once adopted, may be continued, and the propriety of all computations incidental to the use of such method will be determined by the Commissioner in connection with the examination of the taxpayer's returns."

Presently it is the contention of the respondent that the application as filed with petitioner's 1942 return was incomplete and inadequate for the purposes thereof, that the respondent's agent was not informed as to the requisite facts at the time of making his examination for the years 1942, 1943, and 1944, and that his examination of petitioner's books failed to show that petitioner in 1942, and consistently thereafter, used a single pool or classification in pricing its inventory, that the only source for obtaining such information is not the books of the taxpayer but work papers of petitioner's accountants, which are located in the offices of the accountants in Philadelphia and not at the offices of petitioner in Elizabethtown, that it was not until the examination of the returns for 1946 and 1947 that respondent learned of the use of the single pool or classification, that the pricing of inventoriable goods through the use of the single pool or classification method does not clearly reflect income and has never been approved by him, and *Geometric Stamping Co.*, *supra*, is not applicable.

Whatever may have been the shortcomings of the application which accompanied the 1942 return, or the shortcomings of the accountants with respect to the completeness of the petitioner's records at Elizabethtown, we are satisfied that full and complete disclosure of all of the facts pertinent to the pricing and reporting of inventory on the last-in, first-out basis and by the dollar-value method using a single pool or classification was made known to the revenue agent in his examination of the taxpayer's returns and records for the years 1942,

1943, and 1944. One requirement of the statute where inventories are reported on a last-in, first-out basis is that inventories so priced must be used by the taxpayer for the purpose of income, profit, or loss reports to the taxpayer's stockholders and for credit purposes. And while it is true that petitioner did actually take its physical inventory according to certain groupings instead of on a single-pool basis and the inventory sheets do constitute a part of its records, there seems to be no question that the results of the adjustment of the inventories to a single-pool basis are reflected by the books even though the worksheets covering the adjustments are kept by the accountants in Philadelphia rather than at the office of the petitioner in Elizabethtown. The respondent's agent in his report declared to his superiors that beginning with 1942 and through 1943 and 1944, the taxpayer had adhered strictly to the provisions of section 22(d) of the Internal Revenue Code of 1939 and he neither made nor proposed any changes therein. That his superiors accepted this conclusion as to the facts and the law is indicated by the further fact that the years covered were closed according to the recommendation of the agent.

As noted in our opinion previously filed, respondent in regulations of long standing, has recognized that since inventories must conform as nearly as may be to the best accounting practices in the particular trade or business, inventory rules cannot be uniform and that in order clearly to reflect income the inventory practice of a taxpayer should be consistent from year to year and greater weight is to be given to consistency than to any particular method of taking inventory or basis of valuation so long as the method or basis used is substantially in accord with his regulations. Not having reached the question of applicability of the rule of consistency, as above indicated, we concluded that in the case of a manufacturer the segregation of raw materials, goods in process, and finished goods into their natural groupings for last-in, first-out inventory purposes would more realistically reflect the business operations of this petitioner and its income, as respondent has determined for the years before us, than would the use of one pool or classification for all goods. We did say, however, that it might be that a consistent and continued use of one pool or classification of goods in pricing inventories would over a long period of years result in a reasonably fair reflection of income, dependent, of course, on whether or not the taxpayer used the greater latitude for a manipulation of income back and forth between years.

Under the regulations prior application and approval thereof are not prerequisite to the change from the first-in, first-out method of taking inventory to the last-in, first-out method, but a taxpayer is permitted to show his election in the filing of his return for the year in which the change is sought. Application for the approval of the

change is to be filed with the return and whether or not the application is approved or disapproved is to be determined by the respondent in connection with the examination of the return. On the facts here it would thus appear that the respondent's approval of petitioner's inventories for the years 1942, 1943, and 1944 in connection with the examination of the returns for those years was as definite and as effective under the statute as if approval had been made on application prior to the use of such method of inventory in any return.

That is not to say that if the consistent and continued use of the method thus approved is later shown to result in a distortion of income or it is improperly practiced the respondent's hands are tied and he is required to perpetuate error. The regulation also provides that "whether or not such method, once adopted, may be continued, and the propriety of all computations incidental to the use of the method," as in the case of its first use will likewise be determined by the Commissioner in connection with the examination of the taxpayer's return. The respondent makes no claim that in using a single pool or classification for the goods so inventoried the petitioner's inventories have not honestly and properly been taken and reported on that basis, neither is there any claim that the use of a single pool or classification for the goods covered by the inventory has been used for the manipulation of income back and forth between years. It is patent, of course, that for the individual years 1946 and 1947 the use of multiple pools will result in a greater amount of tax than results from the use of a single pool or classification. On the other hand, we find no claim or suggestion that the higher taxes for 1946 and 1947 will not be compensated for in other years if the multiple pools for which respondent contends are consistently used. On the facts here, we are persuaded that the respondent's determination is more an expression of preference for the use of 10 pools or classifications of goods, particularly for the years herein, over the single pool consistently used by petitioner and heretofore approved by him, than a determination that petitioner's consistent use of a single pool or classification will not reasonably reflect income in the long run. We find nothing in the regulations relating to the change to and use of the last-in, first-out method of taking inventory to indicate that there was any intention on the part of the respondent that the said regulation should be regarded as changing or modifying the long-standing rule that greater weight is to be given to consistency than to any particular method of taking inventory or basis of valuation. Since in the case of this petitioner the use of the single pool or classification has been approved by the respondent as proper and as clearly reflecting income and it has consistently been used by the petitioner in the

pricing of his goods for inventory purposes, we conclude and hold that the respondent was in error in determining the deficiencies herein through the use of multiple pools or classifications. See *Maloney v. Hammond*, 176 F. 2d 780; *Geometric Stamping Co., supra.*

A motion was filed on January 23, 1961, for entry of decision for petitioner on the ground that the respondent in T.D. 6539, approved January 16, 1961, 1961–1 C.B. ·167, has accepted and approved the proposition that the use of a single pool or classification for inventory purposes by a taxpayer engaged in a manufacturing business such as that of this petitioner is correct and proper and will clearly reflect income. For the purposes here, it is sufficient to say that the Treasury decision in question was promulgated under and pursuant to section 472 of the Internal Revenue Code of 1954 and by its terms it is limited to "taxable years beginning after December 31, 1953, and ending after August 16, 1954, except where otherwise provided." We find nothing in the portion of the Treasury decision relied upon to indicate that it was to be applicable to any taxable year prior to the earliest year specified. We accordingly leave the question of applicablity of T.D. 6539 in cases such as this for consideration in a case for a year to which by its terms it is applicable.

*Decision will be entered under Rule 50.*