CONNORS, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10662–77.     Filed February 28, 1979.

*Gene F. Reardon,* for the petitioner.
*Jeff P. Ehrlich,* for the respondent.

OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income taxes for calendar years 1974, 1975, and 1976 in the respective amounts of $8,123, $4,268, and $18,435. Certain adjustments in the statutory notice have been conceded. The remaining issues are:

(1) Whether during 1974, 1975, and 1976 petitioner was entitled to deduct bonus compensation expenses in the amounts accrued, but not paid, during those years when its overall method of tax accounting was the cash receipts and disbursements method.

(2) Whether the amount of $23,099, deducted by petitioner as accrued bonus compensation in 1973 and allowed by respondent as a deductible amount paid in 1974, should be taken into account under sections 481(a)[1] and 481(b)(1), I.R.C. 1954, in computing petitioner's taxable income for 1974.

This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and related exhibits are incorporated herein by this reference. The pertinent facts are as follows.

Petitioner was incorporated under the laws of the State of Colorado on January 3, 1961. At the time it filed its petition in this proceeding its principal place of business was in Denver, Colo.

Petitioner filed its Federal income tax returns for the taxable years ended December 31, 1974, 1975, and 1976, with the Director, Internal Revenue Service Center at Ogden, Utah.

Petitioner was engaged in business as a manufacturer's representative. Since 1961, William J. Connors has been president and sole stockholder of petitioner.

Since its incorporation, petitioner maintained its books and filed its Federal income tax returns under the cash receipts and disbursements method of accounting, except that it accrued bonuses payable each year to its principal officer, William J. Connors (as well as interest accrued to that officer in the years 1975 and 1976), on its books and deducted such amounts on its

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise stated.

Federal tax return for each year on an accrual method of accounting. Compensation paid to other employees of the corporation was deducted by employing the cash receipts and disbursements method of accounting.

The amounts of accrued bonuses to William J. Connors shown on petitioner's books and claimed as deductions on its Federal income tax returns for the taxable years ended December 31, 1973, 1974, 1975, and 1976, were as follows:

| TYE Dec. 31— | Amount of bonuses |
|---|---|
| 1973 | $23,099 |
| 1974 | 36,341 |
| 1975 | 45,000 |
| 1976 | 83,400 |

The amounts of bonuses paid to William J. Connors in each of the taxable years were as follows:

| TYE Dec. 31— | Amount of bonuses |
|---|---|
| 1974 | $23,099 |
| 1975 | 36,341 |
| 1976 | 45,000 |

The amounts of bonuses accrued on petitioner's books were always paid by petitioner to its principal officer, William J. Connors, the following year, within 2½ months after the close of the taxable year in which accrued.

Taxable income shown on the returns of petitioner was $4,550 in 1974, $46,297.35 in 1975, and $49,920.30 in 1976.

The timing of petitioner's deductions for bonus compensation is governed by subchapter E, Accounting Periods and Methods of Accounting.[2] Under section 446(a), the general rule is that taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. However, if no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, under section 446(b) the Secretary of the Treasury or his delegate is authorized to compute the taxable income under such method as,

---

[2] Sec. 162(a), which authorizes the deduction here, contains no direct guidance on its timing.

Also, sec. 267(a)(2), which disallows certain unpaid expenses with respect to transactions between related taxpayers, cannot apply here because the parties stipulated the bonuses were paid within 2½ months after the close of each taxable year.

in his opinion, does clearly reflect income. Subject to these provisions, section 446(c) describes the permissible methods of accounting as (1) the cash receipts and disbursements method; (2) an accrual method; (3) any other method permitted by chapter 1; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary of the Treasury or his delegate.

Petitioner does not dispute that if the cash receipts and disbursements method is applied to the bonus compensation, it is deductible only in the years paid. See secs. 1.446–1(c)(1)(i) and 1.461–1(a)(1), Income Tax Regs. Instead, petitioner argues that a combination of the cash and accrual methods is permissible if such combination clearly reflects income and is consistently used, citing sec. 1.446–1(c)(1)(iv)*(a)*, Income Tax Regs.

This argument is answered by reading further in the regulation cited by petitioner:

> *Combinations of the foregoing methods. (a)* In accordance with the following rules, any combination of the foregoing methods of accounting will be permitted in connection with a trade or business if such combination clearly reflects income and is consistently used. Where a combination of methods of accounting includes any special methods, such as those referred to in subdivision (iii) of this subparagraph, the taxpayer must comply with the requirements relating to such special methods. A taxpayer using an accrual method of accounting with respect to purchases and sales may use the cash method in computing all other items of income and expense. *However, a taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business.* Similarly, a taxpayer who uses an accrual method of accounting in computing business expenses shall use an accrual method in computing items affecting gross income from his trade or business. [Emphasis supplied.]

See also *Massachusetts Mut. Life Ins. Co. v. United States*, 288 U.S. 269, 273–274 (1933) ("It is settled beyond cavil that taxpayers other than insurance companies may not accrue receipts and treat expenditures on a cash basis, or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis.")

Since petitioner used the cash method of accounting in computing gross income from its business it must use the cash method in computing bonus compensation and other expenses of the business. We sustain respondent in disallowing petitioner's

deductions for bonus compensation in 1974, 1975, and 1976 in excess of the amounts paid.

Case law cited by petitioner for the proposition that a method of accounting clearly reflects income if consistently used and substantially in accord with the Commissioner's regulations, see *Klein Chocolate Co. v. Commissioner*, 36 T.C. 142 (1961), or in accord with generally accepted accounting principles, see *Sam W. Emerson Co. v. Commissioner*, 37 T.C. 1063 (1962), are properly distinguishable. *Klein Chocolate* involved methods of computing inventories and *Emerson* involved the time for reporting income from long-term contracts, both of which are specifically dealt with in the regulations. Furthermore, petitioner's including gross income when actually or constructively received, but accruing a significant expense item before payment, directly conflicts with the Commissioner's regulations and, to our knowledge, with generally accepted accounting principles.[3]

The second issue is whether the amount of $23,099, deducted by petitioner as accrued bonus compensation in 1973 and allowed by respondent as a deductible amount paid in 1974, should be taken into account under sections 481(a) and 481(b)(1) in computing petitioner's taxable income for 1974. Since petitioner does not dispute respondent's actual computation under section 481(b)(1) we can focus our attention on the contested application of section 481(a) to the facts before us.

Section 481 provides:

SEC. 481. ADJUSTMENTS REQUIRED BY CHANGES IN METHOD OF ACCOUNTING.

   (a) GENERAL RULE.—In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change")—

      (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

      (2) there shall be taken into account those adjustments which are

---

[3] We also reject petitioner's contention "that respondent has not borne the burden of proving that petitioner's claimed deductions for accrued bonuses should be limited to amounts paid during the taxable years involved under the provisions of Section 446 of the Internal Revenue Code of 1954" on the ground sec. 446 was a new theory not mentioned in the notice of deficiency or the pleadings. The statutory notice clearly raised the issue of properly applying the cash method, though without citation to sec. 446 under that adjustment. Moreover, sec. 446 is cited therein as the authority for application of the cash method in the sec. 481 computations. In any event, petitioner fails to indicate what factual issues are disputed. See also *Shuster's Express, Inc. v. Commissioner*, 66 T.C. 588, 593–594 (1976), affd. 562 F.2d 39 (2d Cir. 1977).

determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.

As explained in S. Rept. 1622, 83d Cong., 2d Sess. 307 (1954), the purpose of section 481 is as follows:

If there is a change in the method of accounting employed in computing taxable income from the method employed for the preceding taxable year, adjustments must be made in order that every item of gross income or deduction is taken into account and that none are omitted. At the same time no item is to affect the computation of taxable income more than once. It is only those omissions or doubling ups which are due to the change in method which must be adjusted.

Petitioner's contention is that section 481(a) does not apply here on the ground there has been no change in method of accounting. According to petitioner, it was not required by respondent to change the overall method of accounting but merely to change the manner of computing its bonus deductions for the taxable years in question. Accordingly, petitioner claims, respondent's change in the treatment of petitioner's bonus compensation deductions did not constitute a change in method of accounting.

The regulations provide that a change in method of accounting includes a "change in the overall plan of accounting for gross income or deductions or a change in the treatment of any material item used in such overall plan." Sec. 1.446–1(e)(2)(ii)*(a)*, Income Tax Regs. Overall methods of accounting include the cash receipts and disbursements method, an accrual method, and combinations of such methods. Sec. 1.446–1(a)(1), Income Tax Regs. Petitioner, an overall cash basis taxpayer, was not required by respondent to change its overall method but merely to change the timing of its bonus compensation deductions from the year incurred to the year paid. Thus, to come within the meaning of the phrase "change in method of accounting," there must have been a change in the treatment of a "material item."

"A material item is any item which involves the proper time for the inclusion of the item in income or the taking of a deduction." Sec. 1.446–1(e)(2)(ii)*(a)*, Income Tax Regs. A "change in method of accounting does not include adjustment of any item of income or deduction which does not involve the proper time for the inclusion of the item of income or the taking of a

deduction. Sec. 1.446–1(e)(2)(ii)*(b)*, Income Tax Regs. See *Shuster's Express, Inc. v. Commissioner*, 66 T.C. 588, 595 (1976), affd. 562 F.2d 39 (2d Cir. 1977).

A change in the treatment of bonus compensation expenses from the accrual method in 1973 to the cash method in 1974 is a change in method of accounting because such change is a change in the treatment of a material item, that is, this is a change in the proper time for the taking of a deduction from the year incurred to the year paid. Compare sec. 1.446–1(e)(2)(iii), example *(2)* (change in treatment of real estate taxes from cash method to accrual method by taxpayer using the accrual method as its overall method of accounting is a change in method of accounting).

Petitioner relies upon *Schuster's Express, Inc. v. Commissioner, supra,* as an "analogous" case. This reliance is misplaced. In that case, petitioner, an accrual basis taxpayer, maintained some of its expense accounts on an estimated basis for monthly reporting purposes. Such estimates were also used in computing expense deductions claimed on its Federal income tax returns for the taxable years ended June 30, 1968, through June 30, 1970. The balance of a reserve account was increased each year by the amount by which the estimates exceeded actual cash expenditures for such items during the year. Respondent determined that petitioner's accounting practice did not clearly reflect income and disallowed the deductions claimed to the extent they exceeded actual expenditures for the taxable years ended June 30, 1968, through June 30, 1970. Petitioner conceded the correctness of these adjustments. In addition, respondent included in petitioner's taxable income for the taxable year ended June 30, 1968, the balance of the reserve account as of June 30, 1967. The Court held this section 481 adjustment was improper in part because the taxpayer's practice involving deductions based upon estimates did not relate to the proper timing of the deduction. This was because "The deductions claimed for * * * expenses in excess of actual expenditures [did] not appear to properly belong in any taxable period." 66 T.C. at 596–597. Unlike *Schuster's Express, Inc.,* the change here involves one of timing, that is, when the bonus compensation was properly deductible.

Petitioner also argues without much explanation, that since respondent "initiated" the change, respondent's determination

for the taxable years involved cannot be sustained under section 481. Assuming that petitioner is relying on the exception language in section 481(a)(2) "except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer," such reliance is misplaced. The exception clause refers to adjustments for years preceding the adoption of the 1954 Code; the adjustment here involved is for the taxable year 1973. See discussion of the background of section 481 in *Pursell v. Commissioner*, 38 T.C. 263 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). See also sec. 1.481–1(a)(2) and (c)(3), Income Tax Regs.

Indeed, the section 481 adjustments are aimed at this type of case. Were it not for section 481, petitioner here would be allowed a double deduction for the $23,099 bonus accrued in 1973 and paid in 1974. Respondent allowed the deduction under the cash method applied to 1974, the year of change, and petitioner had already deducted the amount as accrued in 1973. Under section 481(a) a positive $23,099 adjustment is required to prevent this amount of a deduction from being duplicated. This adjustment causes a certain bunching of income in 1974, but section 481(b) mitigates this result by spreading the resulting increase in income over 3 years, the year of change, and the 2 previous years. Respondent has so taken the $23,099 into account, and we approve his determination made under section 481.

*Decision will be entered for the respondent.*