*An appropriate decision will be entered.*

JOSEPH J. OTIS AND SHIRLEY JUNE OTIS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5439–78.    Filed January 10, 1980.

---

*Robert Otis*, for the petitioners.
*Carol K. Muranaka*, for the respondent.

STERRETT, *Judge:* In a notice of deficiency dated March 28, 1978, respondent determined a deficiency in petitioners' income taxes for the taxable years 1974 and 1975 in the amounts of $2,154.36 and $665.27, respectively. Respondent has also determined additions to tax pursuant to section 6653(a), I.R.C. 1954, in the amounts of $107.72 for 1974 and $33.26 for 1975.

The primary issue before the Court is whether expenditures incurred by the petitioners in replacing certain items in their rental properties were for deductible repairs which were ordinary and necessary in the conduct of their business under section 162 or capital expenditures which should be depreciated as a capital investment under section 263.

### FINDINGS OF FACT

Some of the facts were stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

At the time they filed their petition herein, Joseph J. Otis and Shirley June Otis resided in Alhambra, Calif. Petitioners timely filed their 1974 and 1975 joint income tax returns with the Internal Revenue Service at the Fresno Service Center, Fresno, Calif.

Petitioners claimed deductions for the following items on their income tax returns for 1974 and 1975:

|  | 1974 | 1975 |
|---|---|---|
| Replacement—carpets and drapes | $4,118.17 | $4,189.14 |
| Air conditioner, refrigerator, dishwasher | 3,639.92 | 2,481.80 |

Petitioners spent $6,479 in 1974 and $9,309 in 1975 for the purchase of the items enumerated below:

|  | 1974 | 1975 |
|---|---|---|
| Air conditioner | $341 | |
| Refrigerator | 276 | |
| Dishwashers | 2,204 | $3,137 |
| Carpets | 2,874 | 4,683 |
| Draperies | 784 | 1,489 |

Petitioners would deduct as expenses the above items which were purchased to replace broken or worn out items. However, they would capitalize the above items if they were a new installation for the apartment. The statements of depreciation filed with the petitioners' joint returns for the years involved reflect that such items as air conditioners, dishwashers, refrigerators, carpets, and draperies have each been capitalized and depreciated over a 5- or 10-year life. The items purchased during 1974 and 1975 have useful lives in excess of 1 year.

Respondent, in determining the deficiencies herein, allowed petitioners' depreciation deductions in the amount of $1,168 for taxable year 1974 and $4,118 for the taxable year 1975.

Petitioners' accountant testified that he had advised clients to deduct the cost of replacement items and capitalize new installation of the same item. Petitioner-wife testified that they had utilized this method for the 5 years prior to the years in issue. Replacement of the items in dispute did not add materially to the value of the apartments.

## OPINION

The primary issue before the Court is whether petitioners are entitled to a business expense deduction for amounts expended for dishwashers, an air conditioner, a refrigerator, carpets, and draperies during taxable years 1974 and 1975, or whether the cost of these items must be capitalized under section 263, I.R.C. 1954.[1]

Section 263(a)(1) refers only to expenditures which increase

---

[1]SEC. 263. CAPITAL EXPENDITURES.

(a) GENERAL RULE.—No deduction shall be allowed for—

\*          \*          \*          \*          \*          \*          \*

(2) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made.

As neither party has argued the applicability or compliance with the requirements of sec. 263(e), we do not pass on the relevancy of that subsection in the instant case.

the value of any property or estate and to permanent improvements. The regulations amplify on the term capital expenditures by providing that those expenses that "substantially prolong the useful life" of the property or estate or adapt the property to a new use are included within the meaning of that term. Sec. 1.263(a)–1(b), Income Tax Regs.

Section 263(a)(2) and the regulations thereunder deny deductibility of amounts expended in restoring property in which an allowance is, or has been, made in the form of a depreciation deduction. Sec. 1.263(a)–1(a)(2), Income Tax Regs. We cannot ignore a regulation which is not "unreasonable and plainly inconsistent" with the statute. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948).

An expense which represents "incidental" repair or maintenance is currently deductible and is not a capital expenditure. However, if the repair is an improvement or replacement, or if it increases the property's value or substantially prolongs its useful life, it is capital in nature and is not currently deductible. *Wolfsen Land & Cattle Co. v. Commissioner*, 72 T.C. 1, 14 (1979). We find that the expenditures for carpets, draperies, refrigerator, and air conditioner were not deductible under section 263(a)(2).

Carpets, draperies, refrigerators, and dishwashers are furniture or fixtures. It is conceded that the initially installed items had a useful life of substantially greater than 1 year and could not, at the time of installation, be deemed incidental maintenance or repair. Accordingly, when petitioners made the original expenditure they were required, and in fact did, treat the items as capital assets under section 1.263(a)–2(a), Income Tax Regs.[2] Further, petitioners depreciated the original cost over the useful life of each asset.

Petitioners simply expended funds "in making good the exhaustion" on their property upon which an allowance for depreciation had been allowed. The replacement assets all had a useful life in excess of 1 year and represented the replacement or restoration of fully depreciated assets. Therefore, replace-

---

[2]Sec. 1.263(a)–2(a), Income Tax Regs., gives as an example of a capital expenditure:

(a) The cost of acquisition, construction, or erection of buildings, machinery and equipment, furniture and fixtures, and similar property having a useful life substantially beyond the taxable year.

ment of these assets was more than mere incidental repair or maintenance of the property.

Section 263(a)(2) focuses on the restoration of property which has been subject to an allowance for depreciation and not the effect of the replacement on the value of the entire apartment building or complex. Replacement of depreciable property in its entirety with identical property obviously requires continuation of the depreciation process.

Petitioners' argument that the expenditures were ordinary and necessary and did not increase the value of the property is without merit in light of our above discussion of section 263(a)(2). Petitioners' further argument that consistent treatment of these items over several years supports their right to continue to expense these items is equally without merit. Prior or consistent erroneous treatment of a recurring item is not grounds for failing to correct the erroneous treatment for the years in issue. Cf. *Pierce Ditching Co. v. Commissioner*, 73 T.C. 301 (1979).

Petitioners have not challenged respondent's determination of the useful life of the assets in issue. Accordingly, the amount of depreciation deduction allowed by respondent is sustained.

The only remaining issue is the addition to tax penalty under section 6653(a). Respondent determined a negligence or intentional disregard of the rules and regulations penalty of $107.72 and $33.26 for taxable years 1974 and 1975, respectively. Petitioners have the burden of proof. Rule 142, Tax Court Rules of Practice and Procedure.

Petitioner-wife's testimony indicated that she considered the replacement items as recurring repairs to the apartment buildings. Petitioners were advised by their accountant and a real estate appraiser that the replacement items neither prolonged the life of the buildings nor increased their value. Further, petitioners' consistent treatment of these items, while not supporting their continued erroneous treatment, evidences that petitioners were acting in a good faith belief that the items were deductible as incidental repairs. Therefore, we find that petitioners have carried their burden of proof with respect to the section 6653(a) penalty.

*Decision will be entered under Rule 155.*