HOWARD F. BRUNTON and PHYLLIS L. BRUNTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunton v. Commissioner
Docket No. 16354-79.
United States Tax Court
T.C. Memo 1982-166; 1982 Tax Ct. Memo LEXIS 582; 43 T.C.M. (CCH) 956; T.C.M. (RIA) 82166; March 30, 1982. Howard F. Brunton and Phyllis L. Brunton, pro se. Virginia Schmid, for the respondent. WILES
WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1974
$ 5,849.52
1975
5,245.05
1976
5,392.96
*583 The sole issue for decision is whether petitioners may deduct unpaid real estate taxes for the years in issue. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Petitioners Howard F. Brunton and Phyllis L. Brunton, husband and wife, resided in Palos Heights, Illinois, when they filed their petition in this case. During 1966, petitioners purchased rental real estate located at 7030 South East End Avenue, Chicago, Illinois (hereinafter referred to as the property). Since their purchase of the property, petitioners have reported the receipts therefrom on the cash basis and all expenses on the cash basis except for real estate taxes which have been reported on the accrual basis. Since 1971, petitioners have not paid the real estate taxes with respect to the property. For 1973 through 1976, the local taxing authorities determined that the real estate taxes for the property were as follows: Year
Real Estate Taxes
1973
$ 13,111.37
1974
10,670.75
1975
19,636.94
1976
19,568.24
On petitioners' 1974, 1975, and 1976 joint returns, they deducted unpaid real estate taxes attributable to the property in the amounts of $ *584 13,100.00, $ 10,616.00, and $ 19,637.00, respectively. In the notice of deficiency, respondent disallowed these deductions. He determined that petitioners were cash basis taxpayers and, therefore, were not allowed to deduct real estate taxes which they had not actually paid. OPINION We must determine whether petitioners may accrue and deduct unpaid real estate taxes. Respondent's position is that petitioners have adopted the cash basis of accounting for the property because the income and all of the expenses therefrom, except real estate taxes, have been reported on the cash basis. Thus, respondent maintains that petitioners must also compute their real estate taxes with respect to the property on the cash basis. Petitioners, on the other hand, argue that they have consistently applied a "hybrid method" of accounting to their "business" of renting the property and, therefore, such method is binding on respondent. For reasons set forth below, we agree with respondent. Section 446(a) [1] states the general rule that "[t]axable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." This *585 general rule applies unless the method used by the taxpayer does not clearly reflect income or "no method of accounting has been regularly used by the taxpayer * * *." Sec. 446(b). Section 446(c) provides that, subject to the provisions of sections 446(a) and (b), the four permissible methods of accounting are: (1) the cash receipts and disbursements method; (2) an accrual method; (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary or his delegate. The facts of this case fall squarely within section 1.446-1(c)(1)(iv)(a), Income Tax Regs., which provides, in pertinent part, as follows: * * * a taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business. In the instant case, petitioners have not only used the cash method of accounting in computing gross income from the rental of the property, but they have used the cash method in computing all of the expenses therefrom, *586 except real estate taxes. Consequently, petitioners must also account for real estate taxes on the cash basis. See also, Massachusetts Mutual Life Insurance Co. v. United States,288 U.S. 269, 273-274 (1933); Miele v. Commissioner,72 T.C. 284, 291 (1979); Connors, Inc. v. Commissioner,71 T.C. 913, 916 (1979). Since petitioners did not pay the real estate taxes attributable to the property during the years in issue, respondent properly disallowed their claimed deductions for those years. Secs. 1.446-1(c)(1)(i) and 1.461-1(a)(1), Income Tax Regs.
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩