GEORGE BOHARSKI AND MARGARET BOHARSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; GEORGE BOHARSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boharski v. Commissioner
Docket Nos. 2408-85, 7375-86, 39622-86.
United States Tax Court
T.C. Memo 1988-155; 1988 Tax Ct. Memo LEXIS 183; 55 T.C.M. (CCH) 604; T.C.M. (RIA) 88155; April 14, 1988. George Boharski, pro se. Thomas E. Ritter, for respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In these consolidated cases, respondent determined deficiencies in and additions to petitioners' income taxes as follows: Additions to Tax, Secs. [1]
Docket No.
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
George and Margaret Boharski, petitioners
2408-85
1980
$ 2,341.00
$   385.00
$ 156.00
$  --
$  --
$  --
1981
5,531.00
--
--
277.00
--
--
George Boharski, petitioner
7375-86
1982
7,500.00
1,875.00
--
375.00
*
730.19
39622-86
1983
3,513.00
632.25
--
175.65
*
163.22
The issues are: (1) whether petitioner [2] is entitled to deduct certain farm losses disallowed by respondent for 1980 and 1981; *185 (2) whether petitioner is entitled to deduct employee business expenses disallowed by respondent for 1980 and 1981; (3) whether petitioner is entitled to a deduction for a charitable contribution to the Universal Life Church for 1981; (4) whether petitioners are liable for additions to tax under section 6651(a)(1) for failing to file a timely return in 1980, and petitioner for the same addition to tax for 1982 and 1983; (5) whether petitioners are liable for additions to tax under section 6653(a) for negligence for 1980 and under section 6653(a)(1) for 1981, and petitioner under section 6653(a)(1) for 1982 and 1983; and (6) whether petitioner is liable for additions to tax under section 6654(a) for 1982 and 1983. FINDING OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits associated therewith are incorporated herein by reference. George and Margaret Boharski, husband and wife, resided in Kalispell, *186 Montana, during 1980 through 1983 and at the time of filing their petitions in these cases. They filed an untimely joint income tax return for 1980 on March 26, 1982 and a timely joint return for 1981 on or before April 15, 1982. Neither petitioner filed an income tax return for 1982 or 1983. In 1977, petitioner purchased ten acres of land and constructed a house thereon where he and his family resided through 1983. The property was also improved with a barn, a chicken house and pig lots where petitioner raised a few cattle, chickens and pigs, some of which were sold and the balance consumed by petitioner and his family. On their returns for 1977 though 1981, petitioner reported gross receipts, expenses and net losses from the cattle, chicken and pig operation as follows: 1977
1978
1979
1980
1981
Gross Receipts
$    399 $  1,236 $  2,294 $     -- $    959 Cost of items sold
161 650 2,428 -- 360 $  238 $  586 $  (134)
$     -- $    599 Expenses and depreciation
2,406 3,700 6,478 6,515 7,262 Loss claimed
$ (2,168)
$ (3,114)
$ (6,612)
$ (6,515)
$ (6,663)
*187 Respondent allowed the deductions claimed by petitioners for interest and taxes but disallowed the balances of $ 4,631 and $ 5,223 of the farm losses claimed by petitioners for the years 1980 and 1981, respectively. In 1980, petitioner worked full time on construction jobs as an electrician for Mathews McCracken Rutland Corp. in Missoula which is about 135 miles from his home in Kalispell. On the 1980 joint return, petitioner deducted $ 6,367 in employee business expenses for travel in connection with this employment. At trial petitioner testified that he computed his employee business expenses for 1980 by using an estimated daily average and was unable to produce any cancelled checks, receipts, log books, or other documentary evidence in support of the expenses. Respondent disallowed all of the employee business expenses claimed by petitioner for 1980. From February 2, 1981 until October 9, 1981, petitioner worked as an electrician for Electric Smith, Inc. at a location approximately ten miles from Troy, Montana which is about 120 miles from his home. For this period he claimed $ 7,798 in employee business expenses on the joint return for 1981. Again, he used an estimated *188 daily average to compute the claimed expenses and was unable to produce any supporting documents such as cancelled checks, receipts or log books. Respondent disallowed the deductions in their entirety. On the 1981 return, petitioner also claimed a deduction for a charitable contribution to the Universal Life Church of $ 12,500 which was limited by the limitation in section 170 to $ 10,792. The deduction was disallowed by respondent. During 1982, petitioner received taxable wages from Bechtel Power Corp. of $ 20,012 and from Kalispell Electric of $ 4,706. He also received nonemployee compensation from the International Brotherhood of Electrical Workers of $ 780 and unemployment compensation from the State of Montana of $ 2,429. During 1983, petitioner received taxable wages from Bechtel Power Corp. of $ 11,453, from Westinghouse Electric of $ 974, and from Intermountain Electric of $ 3,112. He also received, in 1983, unemployment compensation from the State of Montana in the amount of $ 3,626. OPINION Petitioner bears the burden of proving entitlement to deductions. Rule 142(a); Welch v. Helvering, 290 U.S. Ill (1933).
(1) Farm Losses
In the deficiency *189 notice for 1980 and 1981, respondent disallowed all of the farm deductions claimed by petitioners except interest and taxes, [3] first, as having been incurred in activities not engaged in for profit and secondly, as not being substantiated in amount. Even if we were to able to find that the farm activities were engaged in for profit, which on this record we can not do, we would still be unable to hold for petitioners on this issue because the record contains no evidence tending to substantiate the deductions claimed for the farm. Consequently, petitioners have not carried their burden of proving entitlement to the farm deductions in excess of those allowed by respondent. Rule 142(a); Welch v. Helvering, supra.
(2) Employee Business Expenses
An employee is entitled to deduct ordinary and necessary expenses, including meals, if incurred in connection with his employment while away from home. Section 162. The petitioner has the burden of proof with respect to the amount of such deductions, Rule 142(a); Welch v. Helvering, supra. Under section *190 274(d), he is required to substantiate any travel expense with adequate records or by sufficient evidence corroborating his own testimony. In the record before us, petitioner has provided no substantiation as to the amount of such expenses, the number of days petitioner was away from home during the taxable years, and no cancelled checks, receipts, daily logs or other documentation in support of his estimates. Consequently, while we are satisfied that he incurred some travel expenses while away from home, his uncorroborated testimony as to his estimated average daily expenditures is not sufficient to satisfy the mandatory requirements of section 274(d). Stemkowski v. Commissioner,76 T.C. 252 (1981), affd. in part, revd. and remanded in part on other grounds 690 F.2d 40 (2d Cir. 1982). We, therefore, sustain respondent's determination with respect to this issue.
3) Charitable Contribution
Once again petitioner has the burden of proving his entitlement to the deduction. Rule 142(a); Welch v. Helvering, supra; Davis v. Commissioner,81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). *191 Petitioner, however, has failed to produce any substantiation for the claimed contribution and therefore, respondent's disallowance of the deduction is sustained.
4) Additions to Tax for Delinquency
Respondent determined that both petitioners are liable for an addition to tax under section 6651(a)(1) for 1980 and that petitioner George Boharski is liable for such addition to tax for 1982 and 1983. The addition to tax under section 6651(a)(1) is properly imposed whenever a taxpayer fails to file a timely return unless the taxpayer can establish that such failure is due to reasonable cause and not to willful neglect. BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976). With respect to the 1980 return, petitioner argues that reasonable cause for the late filing existed because a refund was due for a previous year and petitioner had reasonable cause to believe that no tax and apparently no return was due for 1980. The record, however, does not support this argument because there is no evidence in the record that would support a finding that any refund was due for a previous year. Furthermore, petitioner has failed to cite, and we know of no authority which *192 exempts a taxpayer from filing a return merely because a refund may be due for some previous year. For 1982 and 1983, petitioner claims he did not file income tax returns because of some vague Fifth Amendment argument that to do so would have tended to incriminate him in some undisclosed manner. It is well established that the refusal to file any return at all is not protected by the privilege against self-incrimination provided by the Fifth Amendment. United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980). We cannot find that petitioner's vague assertions with respect to alleged Constitutional violations constitute reasonable cause for his failure to file the 1982 and 1983 returns. We conclude therefore, that respondent's assertion of the additions to tax for 1980, 1982 and 1983 should and is hereby sustained.
(5) Additions to Tax for Negligence
Petitioner also has the burden of proving that respondent erroneously determined that he is liable under section 6653(a), 6653(a)(1) and 6653 (a)(2) for the additions to tax for negligence. Rule 142(a); Otis v. Commissioner,73 T.C. 671, 675 (1980), *193 affd. without published opinion 665 F.2d 1053 (9th Cir. 1981). Since petitioners have failed to produce any evidence to refute respondent's determination, respondent's determination is sustained.
(6) Additions to tax for Failure to Make Estimated Tax Payments
The addition to tax under section 6654 for failure to make estimated tax payments is mandatory in the absence of one or more of the exceptions set forth in the section. Bagur v. Commissioner,66 T.C. 817, 824 (1976), remanded on another issue 603 F.2d 491 (5th Cir. 1979); Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). Since petitioner has offered no evidence on this issue, respondent's determination is sustained. Decisions will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on the underpayment. ↩
2. Margaret Boharski is a petitioner in docket No. 2408-85 solely by virtue of having filed joint returns with George Boharski for 1980 and 1981. Consequently, all references to petitioner in the singular are to George Boharski. ↩
3. Interest and taxes included by petitioner in the farm losses were allowed by respondent as itemized deductions.↩