T.C. Memo. 1997-405


UNITED STATES TAX COURT


GRADY WHITLOCK LEASING CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1286-96.                    Filed September 11, 1997.


<u>Amy Vickers Fritz</u> and <u>James R. Sheatsley</u>, for petitioner.

<u>Mary Ann Waters</u>, for respondent.


MEMORANDUM OPINION

TANNENWALD, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes of $9,300.52 for 1991 and $10,887.87 for 1992.  The issues for decision are whether respondent properly disallowed (1) a loss of $3,325 on a sale to a related entity; (2) deductions for life insurance premiums for a policy on petitioner's principal shareholder; (3) deductions

for accrued tax expenses where petitioner otherwise uses the cash method of reporting.

Background

This case was submitted fully stipulated under Rule 122.[1] The stipulation of facts is incorporated herein and found accordingly.

Petitioner is a corporation with its principal office, at the time of the filing of its petition, in Beckley, West Virginia. It filed its 1991 and 1992 income tax returns with the Internal Revenue Service, Cincinnati, Ohio, Service Center.

The sole shareholder of petitioner is also the sole shareholder of Whitlock Realty, Incorporated (Realty). During the 1991 taxable year, petitioner sold a motor home to Realty for $13,675.34. The original cost of the motor home was $17,000. On its 1991 tax return, petitioner deducted the $3,325 difference.

During the taxable years 1991 and 1992, petitioner maintained insurance on the life of its principal officer and shareholder in order to obtain financing for the purchase of automobiles. Petitioner paid premiums of $16,005 for 1991 and $21,340 for 1992. Petitioner was also the beneficiary of the policy. During the years at issue, petitioner received no

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

payments from the insurance policy.  Petitioner deducted the amounts of the premiums paid as insurance expense.

During the taxable years 1991 and 1992, petitioner leased automobiles through long-term contracts and reported the income therefrom as rental income.  Petitioner used the cash receipts and disbursements method to report most of its rental activity. However, for the years at issue as well as prior years, petitioner used the accrual method to report its tax expenses related to its automobile rental activity.  The tax payments in question were not made until the year following the taxable year to which they would relate under an accrual accounting system. Petitioner's accrued tax expenses for 1991 were $25,335.44 and for 1992 were $34,305.96.

## Discussion

Petitioner bears the burden of proving that respondent's determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 114 (1933).  This burden is not lessened in a fully stipulated case.  Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991).  We deal with the issues in turn.

### Related Entity Loss

Section 267(a)(1) provides:

No deduction shall be allowed in respect of any loss
from the sale or exchange of property, directly or

indirectly, between persons specified in any of the
paragraphs of subsection (b). * * *

Section 267(b)(3) specifies as persons for whom a loss will be

disallowed:

Two corporations which are members of the same
controlled group (as defined in subsection (f));

Section 267(f)(1) incorporates the provisions of section 1563(a),

which defines a controlled group as a group of corporations, each

owned more than 50 percent, in voting power or value, by a common

parent corporation, or five or fewer individuals.  In this case,

the same individual owned 100 percent of both petitioner and

Realty, and thus petitioner and Realty were members of a

controlled group.  Sec. 267(b)(3), (f)(1).  The $3,325 loss arose

from a sale or exchange of property.  The plain language of the

statute does not allow petitioner's loss.  Petitioner's argument

that there is no evidence of collusion on the sale is simply

irrelevant.

Insurance Premiums

Section 264(a)(1) provides that no deduction shall be

allowed for:

Premiums paid on any life insurance policy covering the
life of any officer or employee, or of any person
financially interested in any trade or business carried
on by the taxpayer, when the taxpayer is directly or
indirectly a beneficiary under such policy.

Here, the insurance policy covered the life of the principal

officer and shareholder of petitioner.  Since petitioner was the

beneficiary of the policy, the payment of the premiums may not be

deducted, regardless of whether they would otherwise be deductible as a business expense. Carbine v. Commissioner, 83 T.C. 356, 367-368 (1984) (and cases cited threat), affd. 777 F.2d 662 (11th Cir. 1985). The fact that the insurance was required in connection with the financing of petitioner's business does not warrant a different conclusion. Rodney v. Commissioner, 53 T.C. 287, 318-319 (1969). We sustain respondent on this issue.

Accrued Taxes

Petitioner used the cash receipts and disbursements method to report the income from its long-term rental of automobiles but deducted tax expenses related to that rental activity on the accrual method. The tax payments in question were not made until the year following the taxable year to which they would relate under an accrual accounting system. Under section 446(c), a taxpayer may use the cash receipts and disbursements method, the accrual method, any other method permitted by the statute, or "any combination of the foregoing methods permitted under regulations prescribed by the Secretary." Sec. 446(c)(4) (emphasis added).

Under section 1.446-1(c)(1)(i), Income Tax Regs., for taxpayers using the cash receipts and disbursements method of accounting:

> Expenditures are to be deducted for the taxable year in which actually made. * * *

Section 1.446-1(c)(1)(iv)(a), Income Tax Regs., further provides that, while combinations of methods that clearly reflect income and are consistently used will be permitted, nonetheless,

> a taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business. * * *

Thus, it is clear that petitioner may not deduct certain expenses using the accrual method when its primary method for reporting income is the cash method. Miele v. Commissioner, 72 T.C. 284, 291 (1979); Connors, Inc. v. Commissioner, 71 T.C. 913, 916-917 (1979). The fact that petitioner has used this combination of cash and accrual accounting in the past is of no consequence. A consistent application of an improper method or combination will not ratify petitioner's mistake nor prevent respondent's correction of it. Miele v. Commissioner, supra at 291.

To reflect the foregoing,

Decision will be entered

for respondent.