ANNE MARIE McCULLOCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCulloch v. Commissioner
Docket No. 26648-87
United States Tax Court
T.C. Memo 1989-530; 1989 Tax Ct. Memo LEXIS 530; 58 T.C.M. (CCH) 260; T.C.M. (RIA) 89530; September 27, 1989
Michael D. McCulloch, for the petitioner. Karen J. Goheen, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax for the calendar year 1985 as follows: Additions to Tax [1]
Deficiency
Section 6653(a)(1)
Section 6653(a)(2)
$ 1,071.00
$ 53.55
50% of interest due on
$ 1,071.00
The issues for decision *531 are whether petitioner is (1) entitled to a deduction for certain travel and living expenses; (2) is entitled to a deduction for the cost of uniforms and uniform cleaning; and (3) is liable for additions to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits associated therewith are incorporated herein by reference. Petitioner resided in Royal Oak, Michigan, at the time of filing her petition. Her 1985 Federal income tax return was timely filed with the Internal Revenue Service Center at Cincinnati. Petitioner was born in Michigan in 1961 and up to 1985 resided continuously in the Detroit area. At the beginning of 1985 she was living in her own apartment in Highland Park where she had been employed as a travel agent for about two years. In February of 1985 petitioner applied to Trans World Airlines (TWA) for a job as a flight attendant. She was interviewed by TWA on three successive days and at the end of the third day was informed that she had been accepted by TWA's flight attendant school in Kansas City. She attended the school during April of 1985 at her own expense of $ 2,500 and *532 upon its successful completion and after a fourth interview she was informed that she had a position with TWA. She was also informed that the exact nature and location of the position would be set forth in a subsequent letter from TWA. About three days later she received a letter from TWA in which she was assigned as of May 13, 1985, to TWA's New York base as a reserve flight attendant. As a "reserve flight attendant" petitioner was required by TWA to be readily available in the New York area for assignments on a standby basis to flights to or from different cities as needed by TWA. As a new employee, petitioner was on probation for the first six months, and during the probationary period was not entitled to flight discounts but was eligible to claim on the basis of seniority the use of jumpseats on any TWA flight. Petitioner worked for TWA as a reserve flight attendant from May 13, 1985 to March 7, 1986, when TWA's flight attendants went on strike. During this entire period she was assigned by TWA to New York except for temporary duty for about one week in Chicago and about two weeks in St. Louis. Her living expenses in Chicago and St. Louis were paid by TWA. During the *533 strike by the flight attendants petitioner was assigned by the union to picket duty at Detroit Municipal Airport. At the conclusion of the strike some of the flight attendants were recalled by TWA but petitioner was not recalled because of her low seniority. From May 1985 through March 1986 petitioner kept her apartment in Highland Park. She also sublet part of an apartment in New York. In connection with the New York apartment she paid during 1985 rent totaling $ 2,800. She also paid $ 420 as her part of its utilities and $ 525 as her part of its telephone expenses. On her return for 1985 she deducted these amounts as employee business expenses. On her 1985 return petitioner also deducted as employee business expenses $ 757 for the cost of flights between New York and Detroit and $ 516 for the cost and cleaning of her uniforms. When in May of 1985 petitioner accepted employment by TWA as a reserve flight attendant, the flight attendants of TWA were represented by the Independent Federation of Flight Attendants (IFFA). At that time IFFA and TWA were involved in government controlled negotiations with respect to a union contract to replace or extend a contract which had expired *534 in August of 1984. The negotiations continued up to March 7, 1986, when after the parties were released by the government the flight attendants resorted to a strike. While employed by TWA petitioner flew back to Detroit after every flight for TWA and used the apartment in Highland Park because she testified: "I was born and raised in Michigan, and I come from a large family. So, I'm very close with my family." During this period she did not attempt to obtain employment in the Detroit area. OPINION (1) Employee Business Expenses: Under section 162(a)(2) a taxpayer is allowed to deduct ordinary and necessary expenses incurred while "away from home" in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Bochner v. Commissioner, 67 T.C. 824, 827 (1977). Petitioner contends that in this case all of the disputed expenses are deductible under section 162(a)(2) as being ordinary and necessary expenses incurred by her while in or going to or from New York in pursuit of her trade or business as a reserve flight attendant. *535 The resolution of this issue depends upon whether or not petitioner was away from home within the meaning of section 162(a)(2) while she was in New York. In turn the determination of whether she was away from home while in New York hinges upon whether her employment in New York was temporary or indefinite. Peurifoy v. Commissioner, 358 U.S. 59 (1958). The nature of petitioner's employment in New York, i.e., temporary or indefinite, is a question of fact [Peurifoy v. Commissioner, supra; Frederick v. United States, 603 F.2d 1292, 1296 (8th Cir. 1979)] on which petitioner has the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Employment is temporary if at its inception its termination within a short period of time can be foreseen. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); McCallister v. Commissioner, 70 T.C. 505, 509 (1978); Albert v. Commissioner, 13 T.C. 129, 131 (1949). *536 Employment is indefinite if at its inception its termination within a fixed or reasonably short period of time cannot be foreseen. Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Petitioner argues that, at inception, her employment in New York was temporary because there was no union contract which protected its length, she was on probation for six months, and her status as a reserve flight attendant left her subject to assignment to any point at the discretion of TWA. Some uncertainties of this nature as to the duration of an employment are usually found at the beginning of a new job but such uncertainties do not cause the employment to be temporary. It is temporary only if at its inception its termination can be reasonably foreseen within a short period of time. Mitchell v. Commissioner, supra at 581. See also Schmieder v. Commissioner, T.C. Memo. 1984-56, and Bullock v. Commissioner, T.C. Memo. 1980-135. We are satisfied from the record before us that such was not the case at the inception of petitioner's employment in New York. In fact, petitioner *537 could not have foreseen the New York employment as temporary as clearly indicated by the fact that she left her job as a travel agent, subjected herself to four separate interviews by TWA, and spent $ 2,500 and five weeks attending TWA's school for flight attendants. Such conduct is obviously not consistent with a desire to accept temporary employment. We conclude, therefore, that the disputed expenses are not deductible under section 162(a)(2). (2) Uniform Costs and Cleaning
Petitioner included $ 425 for uniforms and $ 91 for uniform cleaning expenses in her claim for a deduction for employee business expenses under section 162(a)(2). At trial and on brief petitioner presented no argument or claim as to the deductibility of these expenditures other than as business expenses under section 162(a)(2). Inasmuch as we have concluded that petitioner is not entitled to any deduction for away from home expenses respondent's disallowance of the deduction for uniform cost and cleaning is sustained. (3) Additions to Tax Under Section 6653(a)(1) and (2)
Petitioner has the burden *538 of proof with respect to the additions to tax for negligence under section 6653(a)(1) and 6653(a)(2). Otis v. Commissioner, 73 T.C. 671, 675 (1980), affd. without published opinion 665 F.2d 1053 (9th Cir. 1981). At trial and on brief petitioner made no attempt to refute respondent's determination that such additions are due from her. It is concluded, therefore, that petitioner has abandoned this issue, and respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩